[Dkt. No. 8]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

PATRICIO VIDAL,

    Plaintiff,

v.

TOM LANGE COMPANY
INTERNATIONAL, INC. and
TOM LANGE COMPANY, INC.,

    Defendants.

Civil Action No. 1:21-CV-01286-RMB

**OPINION**

**BUMB**, District Judge

    This matter comes before the Court upon a Motion by Defendants Tom Lange Company International, Inc. and Tom Lange Company, Inc. ("Defendants"). Defendants move to dismiss the Complaint filed by Plaintiff Patricio Vidal ("Plaintiff") or, in the alternative, to transfer venue pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, Defendants' motion will be denied.

    **I.**    **Background**

    Plaintiff Vidal commenced this action on December 28, 2020, via a Civil Complaint filed in the Superior Court of New Jersey, Cumberland County Law Division, alleging claims of discrimination, retaliation, and failure to accommodate under the New Jersey Law Against Discrimination ("NJLAD"), and for interference and retaliation under the Family Medical Leave Act ("FMLA") against the

Defendants. [Dkt. No. 1-1].

In response, Defendants filed a petition on January 27, 2021 in the United States District Court for the District of New Jersey for the removal of this entire action in accordance with 28 U.S.C. § 1441(b), based on diversity jurisdiction. The case was then properly removed from the Superior Court of New Jersey, Cumberland County Law Division, to the United States District Court for the District of New Jersey. [Dkt. No. 1].

In accordance with this Court's Rules and Procedures, a pre-motion conference was held via Zoom on February 18, 2021 [Dkt. No. 7] and Defendants subsequently filed this Motion to Dismiss the Complaint, or in the Alternative, to Transfer Venue, on March 3, 2021. [Dkt. No. 8]. In support of the Motion, Defendants claim that Plaintiff entered into a binding contract, titled "Employee Confidentiality Agreement", that provides, in relevant part:

> 8. <u>Construction.</u> This Agreement shall be interpreted and enforced in accordance with the laws of the State of Illinois without regard for its conflicts of laws principles, including, but not limited to, procedural and remedial matters. *Any action or proceeding relating to this Agreement or any employment-related dispute(s) shall be brought in Sangamon County, Illinois and the parties agree and consent to such exclusive jurisdiction and waive any objection to such jurisdiction*. [Dkt. No. 4-A] (emphasis added).

Plaintiff responded in opposition on March 22, 2021. [Dkt. No. 9]. Plaintiff, a citizen of New Jersey who worked the entirety of his three years for Defendants in Vineland, New Jersey (the location where the alleged claims occurred), argues that Defendants' contract is ambiguous and unconscionable, making the forum selection

clause unenforceable, and that venue is properly placed in the United States District Court for the District of New Jersey. [Dkt. No. 9].

Plaintiff further contends that enforcing Defendants' forum selection clause violates public policy and the enforcement of the clause would result in a forum that is so inconvenient for trial that Plaintiff would be deprived of his day in court. [Dkt. No. 9]. Moreover, Plaintiff asserts that all alleged discriminating parties (Plaintiff's supervisor and Defendants' Vice President), all potential witnesses, and Plaintiff Vidal himself are located in New Jersey. [Dkt. No. 9]. Finally, Plaintiff provides a short history of his time-consuming, urgent medical conditions that frequently prevent him from working, which allegedly led to his termination.

Defendants filed a response in support of the motion on March 29, 2021 [Dkt. No. 10], contending that the "Employee Confidentiality Agreement" was a bargained-for agreement that makes the United States District Court for the Central District of Illinois (with a courthouse located in Springfield, the county seat and largest city within Sangamon County, Illinois) the preselected and proper forum. [Dkt. No. 10]. They argue that the forum selection clause, and indeed the entire agreement, are both unambiguous and conscionable. [Dkt. No. 10]. Finally, Defendants contest that all of the relevant documents, including the "Employee Confidentiality Agreement," are located in the Central District of Illinois where Defendants are headquartered. [Dkt. No. 10].

## II. Motion to Dismiss, or in the Alternative, to Transfer Venue

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Where, as here, a party prematurely moves for a motion to dismiss under 12(c) before the pleadings are closed, the court may permit such motion by analyzing it under Rule 12(b)(6), to avoid an undue delay, "as long as the district court accepts all of the allegations in the complaint as true." *Mark Leyse v. Bank of Am. Nat'l Ass'n.*, 804 F.3d 316, 321-22 (3d Cir. 2015) (cited by *State Farm Mutual Automobile Insurance Co. v. Delaware Diagnostic & Rehabilitation Center, P.A.*, 2021 WL 1929365, at *4 (D. Del. May 13, 2021)). Courts apply the same standard for a 12(c) motion for judgment on the pleadings as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Turbe v. Gov't of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991); *see also* Fed. R. Civ. P. 12(h)(2) ("Failure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c).")

A Rule 12(b)(6) motion to dismiss must be denied if plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

4

Moreover,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] of relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Id.* (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 667-78 (2009) (citing *Twombly*, 550 U.S. at 556). On a Rule 12(b)(6) motion, the Court "must accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff." *Turbe*, 938 F.2d at 428.

### B. Motion to Transfer

Section 1404(a) of Title 28 of the United States Code provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Third Circuit, recognizing "there is no definitive formula or list of the factors to consider," identified twelve public and private interests that may be considered in weighing whether to transfer an action to another district. *Jumara v. State Farm Ins.*, 55 F.3d 873, 879-80 (3d Cir. 1995). Where the parties to a contract, however, "have specified the forum in which they will litigate disputes arising from their contract, federal courts must honor the forum-selection clause '[i]n all but the most unusual cases.'" *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 397 (3d Cir. 2017) (quoting *Atl. Marine*

*Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 66 (2013)).

Public Interest Factors Include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two for a resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879.

Private Interest Factors Include: (1) the plaintiff's forum preference; (2) the defendant's forum preference; (3) where the claim arose; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses, but only to the extent they may be unavailable for trial in one of the fora; and (6) the location of books and records (similarly limited to the extent that they could not be produced in the alternative forum.) *Id*. at 879-80.

### III. Analysis

As discussed, Defendants move to dismiss Plaintiff's claims, or in the alternative, to transfer venue to the Central District of Illinois on the grounds that a forum selection clause in the agreement governing the parties' relationship is enforceable. [Dkt. 10, Pg. 2]. The Court turns to each argument.

#### A. Validity of the Forum Selection Clause

As a preliminary matter, the applicability of a forum selection clause in a diversity case in federal court is determined by federal, not state law. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 26 (1988); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873,

877 (3d Cir. 1995). This is because "questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature. . ." *Jumara*, 55 F.3d at 877 (citing *Jones v. Weibrecht*, 901 F.2d 17, 19 (2d Cir. 1991)). The Court thus must determine whether the forum selection clause is valid and enforceable.

The law is well-settled that forum selection clauses are to be strictly enforced, entitled to great weight, and presumptively valid and enforceable. *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10-11 (1972)). Such clauses will generally be enforced unless the objecting party establishes any of the following:

> (1) it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable.

*Coastal Steel Corp.*, 709 F.2d at 202. Even when a party has failed to read the entire contract, the party is bound by the forum selection clause as long as "there is reasonable notice[.]" *Noble v. Samsung Electronics America, Inc.*, 682 F. App'x. 113, 116 (3d Cir. 2017).

This is not to say, however, that forum selection clauses are *per se* enforceable. Context and clarity matter. The Third Circuit has found terms in a contract to be unenforceable or not "reasonably conspicuous" when "terms are buried in a manner that [give] no hint to a [signatory]" that a specific clause lies within. *See Noble*, 682 F. App'x. at 116 (finding an arbitration clause hidden within a "3.1-inch by 2.4-inch,

7

143-page document, titled 'Health and Safety and Warranty Guide'" to be unenforceable). "The law does not require parties to actually read or bargain over each term . . . [T]he critical inquiry is whether *the provision had been reasonably communicated by the agreement.*" *Diversified Home Installations, Inc. v. Maxwell Sys.*, No. 09-6393, 2010 U.S. Dist. LEXIS 26753, at *6, 2010 WL 1133773 (D.N.J. Mar. 22, 2010) (emphasis added).

As an initial matter, the Court finds that, on its face, the forum selection clause was not fairly and reasonably communicated to Plaintiff.[1]  First, the very title of the contract gives the Court pause. It is titled the "Employee Confidentiality Agreement," yet it clearly contains much more than mere confidentiality issues. [*See* Dkt. 1, Ex. A].  Second, the forum selection clause is embedded within a subsection titled "Construction" that sets forth the parties' choice of law. The choice of forum follows the choice of law. In this Court's view, there is no clear, reasonably conspicuous provision setting forth the forum selection language. This Court is loath to enforce a forum selection clause ensconced in a paragraph subtitled something unrelated to forum selection, which subparagraph is contained in a contract labeled something other than an employment contract.

Moreover, the forum selection clause itself is ambiguous as to where the proposed venue lies. Defendants' contract provides that the proceedings "shall be brought in Sangamon County, Illinois," but it never specifies which court in Sangamon County.

---

[1] Plaintiff and Defendants neglected to brief the appropriate arguments supporting the Court's finding on this matter.

8

[*See* Dkt. 1, Ex. A].  Thus, Defendants also failed to reasonably communicate to Plaintiff whether the preselected forum is in state or federal court within Sangamon County.  Although this ambiguity is not dispositive on making the clause unenforceable, it contributes to the Court's finding that the forum selection clause had not been reasonably communicated.

Lastly, the Court determines that litigating this case in Sangamon County, Illinois would be so inconvenient for Plaintiff that the Court finds the forum selection clause unreasonable.  Plaintiff resides in the District of New Jersey and asserts that all witnesses reside there as well.  [*See* Dkt. 9, Pg. 11].  Further, Plaintiff was terminated from his employment, and is physically limited due to his severe medical conditions.  [*See* Dkt. 9, Pg. 3].  Thus, requiring almost every party to travel from New Jersey to Sangamon County, Illinois to litigate this case strongly suggests that enforcing this forum selection clause would be both inconvenient and unreasonable.

Defendants' inconspicuous forum selection clause and the serious inconvenience associated with litigating this case in the preselected forum qualifies this clause as "unreasonable," supporting this Court's decision not to enforce it.[2]

---

[2] Although this analysis applied federal law, the same outcome would occur if New Jersey state law was used to interpret the validity of the forum selection clause (as both parties briefed).  *See Hoffman v. Supplements Togo Mgmt., LLC*, 18 A.3d 210, 216 (N.J. Super. Ct. App. Div. 2011) ("each party to the contract must have been fairly informed of the contract's terms before entering into the agreement.").  The Court declines to enforce the forum selection clause with one caveat, however.  If early discovery shows that the clause was, in fact, the subject of discussion, for example, and that the inconvenience factors are not supported by the evidence, Defendants may renew their motion.

### B. Motion to Dismiss, to Transfer Venue, or Retain Forum

Having determined that the forum selection clause is invalid and unenforceable, the Court must now decide whether to dismiss the case, transfer it pursuant to 28 U.S.C. § 1404 or 28 U.S.C. § 1406, or retain the case in this forum. Accordingly, the Court will retain jurisdiction in the District of New Jersey.

According to Supreme Court decision in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, dismissal under 28 U.S.C. § 1406, or Rule 12(b), is only proper when the venue is "wrong" or "improper" and the forum selection clause is enforceable. 571 U.S. 49, 55 (2013); *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 28 (1998) (venue is proper in judicial district in which corporation is doing business).

Instead, the appropriate way to enforce a forum-selection clause is through the doctrine of *forum non conveniens*. *Atlantic Marine Const. Co., Inc.*, 571 U.S. at 580; *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (a federal court has discretion to invoke the supervening venue provision of *forum non conveniens*, without first determining jurisdictional issues.). Title 28 U.S.C. 1404(a) is "merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Id.*; *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("[f]or the federal court system, Congress has codified the doctrine . . ."). Thus, a forum selection clause should be considered within the context of the multi-factor balancing test that courts

10

employ in deciding motions to transfer under 28 U.S.C. § 1404(a). *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 875 (3d Cir. 1995). The decision to transfer under § 1404(a) is entirely within the discretion of the district court and involves an individualized, fact-intensive consideration of all the relevant factors. *See Stewart Or., Inc. v. Ricoh Corp.*, 487 U.S. 22, 23 (1988).

Defendants' motion for dismissal of this case under 12(b) or § 1406 are both improper because Defendants' forum selection clause is not enforceable due to its non-conspicuous, inconvenient nature; and the parties, and Plaintiff's alleged claims, have sufficient connections to the District of New Jersey to qualify this Court as a "proper" venue. Thus, the proper vehicle is to analyze the Defendants' motion to dismiss under a § 1404(a) analysis.

Before balancing the relevant factors, the Court must first determine whether the proposed alternative venue is one which the case "might have been brought." 28 U.S.C. § 1404(a). With Defendants' company headquartered in the proposed alternative venue [*See* Dkt. 10], and with Plaintiff's disputed contract originating in that district [*See* Dkt. 10], both parties are sufficiently connected to the Central District of Illinois to fulfill this low standard.

**A. Private Interests**

Here, the private interests weigh in favor of retaining the case in the District of New Jersey. New Jersey presents a more convenient location for the parties than the Central District of Illinois. During the entire court of Plaintiff's employment with Defendants, he lived near, and worked at, Defendants' business location in Vineland,

New Jersey. [Dkt. 9, Pg. 3]. Plaintiff's alleged claims all arose at that location in New Jersey, and the alleged discriminating parties, Plaintiff's supervisor and Defendants Vice President, are also located in New Jersey. [Dkt. 1-1]. Further, all of the proposed witnesses reside in New Jersey, and due to the financial status of such witnesses, testifying in person in the Central District of Illinois is impractical. [*See* Dkt. 9].

Although it is clear that Plaintiff prefers the District of New Jersey, and Defendants prefers the Central District of Illinois, there exists a great disparity in financial capabilities between both parties. Plaintiff was recently terminated and suffers from a time-consuming medical condition that, he claims, led to his termination. [Dkt. 9, Pg. 3]. Litigating this case in the Central District of Illinois would be a burden for Plaintiff both financially and physically. Defendants are an international company whose financial capabilities would be unburdened in litigating this case outside the Central District of Illinois. [*See* Dkt. 9].

Even though Defendants claim that the majority of the documents are located in the Central District of Illinois, modern-day e-discovery tools, along with safeguards provided by the Federal Rules of Evidence, do not shift the balance in this matter towards the physical location of the documents. Thus, the private interests weigh in favor of retaining the case in the District of New Jersey.

### B. Public Interests

The public interests also weigh in favor of keeping this case in the District of New Jersey. Considering the familiarity with the District, and the location of the potential

parties involved in a trial, litigating this case will likely be less expensive in the District of New Jersey.  Further, even though the Central District of Illinois handles a lower-case load than the District of New Jersey, the District of New Jersey resolves civil disputes at a faster rate, making it more efficient to litigate this case in that District.

In addition, the Court's competency in New Jersey state discrimination laws, and the public policy of resolving potential discrimination within the state against an out-of-state company, supports the public interest factors that favor keeping this case in this District.

When considering the unenforceability of the forum selection clause, on balance, the private and public factors ultimately weigh in favor of retaining this matter in the District of New Jersey.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss or in the Alternative, to Transfer Venue is **DENIED**.  An appropriate Order follows.

Date: <u>October 26, 2021</u>        s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      UNITED STATES DISTRICT JUDGE